# IN THE UNITED STATES DISTRICT COURT FOR THE VIRGIN ISLANDS
## ST. THOMAS & ST. JOHN DIVISION

| | |
|---|---|
| VIRGIN ISLANDS HOUSING FINANCE AUTHORITY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO.: _____ |
| THOSE CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO POLICY P171261 AND JOHN DOES 1–50, | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 9 U.S.C. §§ 203 and 205, Certain Underwriters at Lloyd's, London subscribing to Policy No. P171262 ("Underwriters"), by and through their undersigned counsel, submit this Notice of Removal, showing the Court as follows:

### Introduction

1.

Plaintiff Virgin Islands Housing Finance Authority ("Plaintiff")[1] filed a lawsuit in the Superior Court of Virgin Islands, Division of St. Thomas and St. John on September 6, 2019 (the "State Court Action"). The State Court Action is styled: *Virgin Islands Housing Finance Authority v. Those Certain Underwriters at Lloyds of London subscribing to Policy P171261 and John Does 1–50*, Case No. ST–19–CV–504. Plaintiff served Underwriters with a copy of the State Court Action on January 3, 2020.

---

[1] Plaintiff identifies itself as the "Virgin Islands Housing Finance Authority" in the caption for the Summons, but "Virgin Islands Finance Housing Authority" throughout the Complaint. We believe the former is the proper title and address Plaintiff as such.

2.

As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits in the State Court Action are attached as Exhibit A.

3.

The State Court Action arises out of a policy of insurance, Policy No. P171262 (the "Policy"), issued to Plaintiff to which Underwriters subscribe. The Policy provides certain insurance coverage to multiple properties owned by Plaintiff in the Virgin Islands, for the Policy period of April 6, 2017, to April 6, 2018, subject to the Policy's terms, conditions, limitations, and exclusions. A copy of the Policy is attached as Exhibit B.

4.

The Policy follows form to underlying Policy No. P171261. A copy of the wording of the underlying policy is attached as Exhibit C and referred to here as the "Underlying Wording."

5.

The State Court Action asserts various causes of action against Underwriters arising out of their alleged breach of the Policy stemming from their alleged mishandling of Plaintiff's claim under the Policy for alleged damage to Plaintiff's properties caused by Hurricanes Irma and Maria.

6.

The Policy, as a follow-form excess policy, incorporates the above-quoted arbitration provision. *See, Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 534 (3d Cir. 2009) (Pa.) (applying arbitration provision from reinsurance treaties to compel arbitration of dispute under separate, retrocessional agreement, as "incorporation by reference is generally effective to accomplish its intended purpose . . ."); *see also Radil v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 233 P.3d 688, 692 (Colo. 2010) ("[A] follow-form endorsement subjects [excess insurer] to the arbitration clause contained in [the primary] coverage.").

7.

The Policy contains an arbitration provision that provides:

> If the Insured and the Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within ten (10) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent and disinterested umpire. The arbitrators together shall determine such matters in which the Insured and the Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of any two, duly verified, shall determine the same.

(Ex. C, Underlying Wording, p. 13 of 24).

8.

Underwriters invoked the Policy's arbitration provision on January 21, 2020. A copy of this letter is attached as Exhibit D.

9.

Underwriters' Notice of Filing of this Notice of Removal shall be promptly filed with the Clerk of the Court for the Superior Court of Virgin Islands pursuant to 28 U.S.C. § 1446(d).

10.

Underwriters are unaware of the identity of Defendants John Does 1-50 and, therefore, cannot confirm their consent to removal of the State Court Action.

**Jurisdiction & Grounds for Removal**

11.

The State Court Action is removable to this Court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), implemented by the United States Congress through 9 U.S.C. §§ 201–208 of the Federal Arbitration Act (the "FAA"). The Convention is an international treaty governing the recognition and enforcement of foreign

3

arbitration agreements and arbitral awards. The strong federal policy favoring arbitration embodied by the FAA applies with special force in the field of international commerce. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth,* 473 U.S. 614, 631 (1985).

12.

Section 203 of the FAA explicitly grants this Court original jurisdiction over any "action or proceeding falling under the Convention," regardless of the amount in controversy. 9 U.S.C. § 203. Moreover, under federal law, "[t]he district courts *shall* have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

13.

As to removal of actions implicating the Convention,  § 205 of the FAA provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205.

14.

To demonstrate that removal is proper under the Convention, the removing defendant must show that "(1) the arbitration clause at issue 'falls under the Convention' pursuant to § 202; and (2) the state court litigation 'relates to' the arbitration clause for the purposes of § 205." *Simmons v. Sabine River Auth. of Louisiana*, 823 F. Supp. 2d 420, 428 (W.D. La. 2011).

15.

This removal is timely filed, because 9 U.S.C. § 205 permits a party to remove an action that falls within the scope of the Convention "at any time before... trial." *Id*. Underwriters file this

Notice of Removal within thirty (30) days of receipt of the State Court Action, and no trial date has been set. Therefore, Underwriters complied with the requirements of 9 U.S.C. § 205.

### The Policy's Arbitration Provision Falls Under the Convention

16.

Federal courts consider four factors in evaluating whether an arbitration agreement "falls under" the Convention. To meet its burden, a defendant seeking removal must show "(1) a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004) (citing 9 U.S.C. § 202)).

17.

The arbitration provision readily meets the first factor, as the subject arbitration provision is contained in the written Policy.

18.

As to the second factor, while the Policy's arbitration provision does not specify a location for the arbitration, under the FAA's default provisions, the arbitration would occur in the Virgin Islands. *Econo-Car Intern., Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3rd Cir. 1974) (applying Virgin Islands law); *see also Internaves de Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 898 F.3d 1087, 1092–93 (11th Cir. 2018) ("However, if the parties agreed to arbitrate, but failed to "provide[ ] for" a forum, then the court must compel arbitration, but only within its own district pursuant to the provisions found in . . . 9 U.S.C. § 4."). The Virgin Islands are a territory of the United States, which is a signatory to the Convention.

19.

As to the third factor, the United States Court of Appeals for the Third Circuit is clear that in subscribing to insurance policies, insurers are engaged in commercial relationships with policyholders for the purposes of removal under the Convention. *Century Indem. Co. v. Certain Defendants at Lloyd's, London, Subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 520 n. 5 (3d. Cir. 2009).

20.

Finally, as to the fourth factor, the Underwriters are organized under the laws of England and Wales, with principal places of business in London.

21.

Thus, all four factors are satisfied here: (1) the Policy is an agreement in writing; (2) the Policy provides for arbitration, which will occur in the Virgin Islands, which is part of the United States, a signatory to the Convention;[2] (3) the Policy arises out of a commercial relationship; and (4) Underwriters are not American citizens.

22.

Accordingly, the Policy's arbitration provision "fall[s] under" the Convention. 9 U.S.C. §§ 202, 205.

**The Policy's Arbitration Provision "Relates To" The Parties' Dispute**

23.

An arbitration agreement "relates to" a suit for the purposes of removal under 9 U.S.C. § 205 "whenever [the] arbitration agreement falling under the Convention could *conceivably* affect

---

[2] Although it is a territory of the United States, the Virgin Islands and their courts are bound to enforce the mandates of the FAA and the Convention. *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 185–86 (2009); *Gov't v. United Indus. Workers,* 169 F.3d 172, 177 (3d Cir. 1999).

6

the outcome of the plaintiff's case." *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002); *Reid v. Doe Run Res. Corp.*, 701 F.3d 840 (8th Cir. 2012); *Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133 (9th Cir. 2011); *Outokumpu Stainless USA, LLC v. Converteam SAS*, -- F.3d --, 2018 WL 4122807 (11th Cir. Aug. 30, 2018).[3]

24.

"[T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to.'" *Beiser*, 284 F.3d at 669. Courts also generally find that the "relates to" standard met when a party argues that a lawsuit is improper and that the subject dispute should be arbitrated pursuant to the Convention. *Id*. at 669–70; *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 713 (5th Cir. 2017). Even if the moving party is ultimately wrong on the merits (though that is not the case here), removal is still proper if the moving party's arguments in support of the applicability of arbitration are "not frivolous." *Beiser*, 284 F.3d at 669.

25.

The Policy's arbitration agreement plainly "relates to" to the State Court Action under the foregoing standards. The arbitration agreement covers disputes between the Parties regarding "any aspect of this Policy." Exhibit C at p. 13 of 24. The State Court Action is predicated on Underwriters' duties and obligations under the Policy and their alleged breaches thereof. *See*

---

[3] While the Third Circuit has not expressly adopted the "conceivably affect" standard outlined above, it, too, embraces a broad view of "relates to" for purposes of removal under the FAA and the Convention. *Century Indem. Co. v. Certain Defendants at Lloyd's, London, Subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513 (3rd. Cir. 2009). Moreover, a Pennsylvania federal court has applied this standard. *See Silec Cable S.A.S. v. Alcoa Fjardaal, SF*, No. 12–01392, 2012 WL 5906535 at *7 (W.D. Pa. Nov. 26, 2012) (expressing agreement with and applying the "conceivably affect" standard).

7

Exhibit A at ¶¶ 21, 24, 30, 34–38, 40–51. Moreover, Underwriters contend the State Court Action is improper, as the Parties' contract provides that disputes between them, such as the one underlying the State Court Action, should be resolved exclusively in arbitration. Further, Underwriters advised the Plaintiff of the intent to invoke arbitration. *See* Exhibit D. Thus, Underwriters satisfied their burden of demonstrating that, at the very minimum, they presented "not frivolous" arguments that the Policy's arbitration provision "could conceivably affect the outcome" of the case. Indeed, the Third Circuit has affirmed removal under the FAA in far more tenuously-connected circumstances than those present here. *See Century Indem. Co.*, 584 F.3d at 555–56 (affirming arbitration award after removal of lawsuit to federal court pursuant to Convention and compelling of arbitration of a dispute regarding a retrocessional agreement that incorporated the underlying reinsurance treaties' arbitration clause providing for arbitration of "any dispute . . . with reference to the interpretation of this Agreement or [the parties'] rights with respect to any transaction involved.").

26.

Because the Policy's arbitration provision "could conceivably affect the outcome" of the State Court Action, the arbitration provision therefore "relates to" the State Court Action for the purposes of removal under 9 U.S.C. § 205. Thus, the Policy's arbitration agreement both "fall[s] under" the Convention and "relates to" the subject matter of this proceeding, and removal is appropriate.

27.

The issue of removal is a jurisdictional one, and in determining the propriety of removal to federal court under 9 U.S.C. § 205, the Court's inquiry should be confined to the factors set forth above. This initial jurisdictional inquiry is distinct from a determination as to whether the parties

are bound to arbitrate or whether the claims asserted against the party seeking removal are arbitrable. *Bautista v. Star Cruises*, 396 F.3d 1289, 1301 (11th Cir. 2005); *see also Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1324 (11th Cir. 2018) ("Thus, in determining jurisdiction the district court need not—and should not—examine whether the arbitration agreement binds the parties before it.").

28.

Moreover, Underwriters have invoked arbitration because arbitration is the proper forum for the resolution of this dispute. If Plaintiff does not agree, Underwriters will request that this Court stay the litigation if the Court should accept Underwriters' removal petition. (*See* Exhibit D).

## Conclusion

29.

Based on the foregoing, this Court has original jurisdiction over the State Court Action pursuant to the Convention, and therefore, it is properly removable to this Court under 9 U.S.C. §§ 202, 205.

WHEREFORE, Underwriters pray that the State Court Action now pending in the Superior Court of the Virgin Islands be removed therefrom to this Court.

Respectfully submitted, this 22nd day of January, 2020.

**FIELDS HOWELL LLP**
1180 W. Peachtree St., Suite 1600
Atlanta, Georgia  30309
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
rhudgins@fieldshowell.com

/s/ Rachel E. Hudgins
Rachel E. Hudgins
VI Bar No.:  R2075

*Counsel for Defendants Certain Underwriters at Lloyd's London Subscribing to Policy No. P171262*

**IN THE UNITED STATES DISTRICT COURT FOR THE VIRGIN ISLANDS**
**ST. THOMAS & ST. JOHN DIVISION**

| | |
|---|---|
| VIRGIN ISLANDS HOUSING FINANCE AUTHORITY,<br><br>      Plaintiff,<br><br>v.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO POLICY P171261 AND JOHN DOES 1–50,<br><br>      Defendants. | CASE NO.: _____ |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties in this action with a copy of the foregoing **NOTICE OF REMOVAL** by CM/ECF and U.S. Mail Postage prepaid upon the following:

Javier Delgado<br>
Merlin Law Group, P.A.<br>
222 Lakeview Avenue, Suite 1250<br>
West Palm Beach, Florida 33401

This 22nd day of January, 2020.

**FIELDS HOWELL LLP**
1180 W. Peachtree St., Suite 1600
Atlanta, Georgia  30309
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
rhudgins@fieldshowell.com

/s/ Rachel E. Hudgins
Rachel E. Hudgins
VI Bar No.:  R2075

*Counsel for Defendants Certain Underwriters at Lloyd's London Subscribing to Policy No. P171262*